SCANNED

COPY

| | |
|---|---|
| STATE OF MAINE<br>CUMBERLAND, ss. | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO. CV-06-___ |

INTERNATIONAL PAPER COMPANY,

        Plaintiff,

v.

NALCO COMPANY

and

AMERICAN HOME ASSURANCE COMPANY,

        Defendants.

**COMPLAINT**

Plaintiff International Paper Company complains against Defendants Nalco Company and American Home Assurance Company as follows:

### PARTIES

1. Plaintiff International Paper Company ("IP") or (the "Additional Insured") is a corporation duly organized under the laws of the State of New York, and having its principal place of business at 400 Atlantic Street, Stamford, Connecticut 06921. IP is engaged, *inter alia*, in the business of manufacturing paper products. It manufactures such products at, among other places, its mill in Jay, Maine (the "Androscoggin Mill").

2. Upon information and belief, Defendant Nalco Company ("Nalco") or (the "Insured") is a corporation organized under the laws of Delaware, and having its principal place of business at 1601 West Diehl Road, Naperville, Illinois 60563. Nalco was formerly known as Nalco Chemical Company and Ondeo Nalco Company.

Scanned by: _____
Folder Location _____
File Name 925 06cv150.2
Names of Attachments, if any _____

3. Upon information and belief, Defendant American Home Assurance Company (the "Insurer") is a New York corporation duly organized under the laws of the State of New York, and having its principal place of business at 70 Pine Street, New York, New York 10270.

## FACTUAL ALLEGATIONS

4. On or about March 6, 2000, IP and Nalco entered into a contract whereby Nalco agreed to provide pulp and paper specialty chemicals, mill programs, and services to IP at the Androscoggin Mill in Jay, Maine (the "Contract").

5. Pursuant to the Contract, Nalco agreed "to maintain throughout the pendency of its activities on Buyer's [IP's] premises a public liability insurance policy in an amount not less than $1,000,000 per occurrence and to name Buyer [IP] as an additional insured under such policy."

6. The Contract also required Nalco to provide IP with a "Certificate of Insurance evidencing all insurance required under the terms of this Contract."

7. The Insurer issued Policy No. GL3597101 to Nalco which provides for commercial general liability coverage and which names IP as an Additional Insured (the "Policy"). A true copy of the Certificate of Liability Insurance (the "Certificate") is attached hereto as Exhibit A.

8. The Certificate of Liability Insurance shows the effective date of the Policy from 3/1/2001 to 3/1/2004.

9. The Endorsement to the Policy states that an Insured is: "Any person or organization to whom you [Nalco] become obligated to include as an additional insured under this policy, as a result of any contract or agreement you enter into which requires you to furnish

insurance to that person or organization of the type provided by this policy, but only with respect to liability arising out of your operations or premises owned by or rented to you."

10. The Certificate of Liability Insurance shows that Nalco was responsible for the first $1,000,000 per occurrence.

11. On April 17, 2002, a Nalco employee, Mr. John Thomas, was injured at IP's Androscoggin Mill in Jay, Maine while working within the scope of his employment for Nalco and within the scope of Nalco's operations under the Contract.

12. Mr. Thomas was a resident of Hampden, Maine at the time of his injury.

13. On July 16, 2002, Mr. Thomas's counsel provided to IP notice of Mr. Thomas's claim for personal injury against IP.

14. Mr. Thomas's claim for personal injury is a covered claim under the Policy.

15. On August 26, 2002, IP notified Nalco in writing of Mr. Thomas's claim and demanded that Nalco accept this claim on behalf of IP and provide a defense and indemnity under the Contract and also asked Nalco to tender the claim to the Insurer for coverage.

16. On October 24, 2002, IP requested that Nalco provide the name and contact information for Nalco's Insurer, and Nalco refused.

17. On April 1, 2003, IP again requested in writing a response from Nalco with regard to IP's demand for defense and indemnification of Mr. Thomas's claim.

18. On April 4, 2003, Nalco rejected the defense and indemnity of Mr. Thomas's claim.

19. On July 13, 2004, Mr. Thomas's counsel sent a draft complaint to IP.

20. On August 27, 2004, IP gave written notice to Nalco of a proposed site inspection at the Androscoggin Mill regarding Mr. Thomas's claim on September 17, 2004.

3

21. Nalco sent a representative to the site inspection at the Androscoggin Mill.

22. On July 14, 2005, IP again tendered in writing Mr. Thomas's claim to Nalco for defense and indemnity and also asked Nalco to tender the claim to Nalco's insurance company for coverage. This letter further notified Nalco of the scheduling of mediation of Mr. Thomas's claim and asked for Nalco's input with regard to the selection of a mediator.

23. On July 18, 2005, Nalco's counsel asked IP to keep him advised of the scheduling of mediation but stated that he had not yet decided whether Nalco would attend.

24. On September 16, 2005, IP notified Nalco in writing that mediation of Mr. Thomas's claim would take place on October 10, 2005.

25. On September 19, 2005, Nalco's counsel thanked IP for informing him of mediation, but he stated that he would not attend the mediation.

26. On September 23, 2005, IP notified the Insurer in writing that mediation of Mr. Thomas's claim was scheduled for October 10, 2005 and demanded that the Insurer defend and indemnify IP as an Additional Insured under the Policy. This letter was sent via federal express and was delivered to the Insurer on September 26, 2005.

27. The mediation of Mr. Thomas's claim was held in Portland, Maine on October 10, 2005.

28. After notice, neither the Insurer nor Nalco attended the mediation.

29. On October 10, 2005 at the mediation held in Portland, Maine, IP agreed to pay Mr. Thomas $650,000 in settlement of his claim.

30. In handling Mr. Thomas's claim, IP incurred $5,445.58 in fees for a consulting expert engineer.

31. On October 18, 2005, the claims adjuster for the Insurer sent a letter to IP requesting information concerning IP's claim for defense and indemnity.

32. On November 28, 2005, IP sent to the claims adjuster for the Insurer the requested information.

33. The settlement with Mr. Thomas was completed in November of 2005, and IP has paid Mr. Thomas $650,000.

34. Nalco has denied and rejected IP's claim for defense and indemnity regarding Mr. Thomas's claim.

35. The Insurer has not responded to IP's letter of November 28, 2005, nor to a demand for payment of the $650,000 paid in settlement of Mr. Thomas's claim dated April 5, 2006.

## COUNT I
(Breach of Contract Against Defendant Nalco Company)

36. The allegations contained in all other paragraphs of this Complaint are hereby incorporated by reference.

37. Pursuant to the Contract, Nalco was obligated to cause IP to be named as an additional insured under a public liability insurance policy in an amount not less than $1,000,000 per occurrence.

38. Pursuant to the Certificate (and the Endorsement to the Policy), IP was named as an Additional Insured.

39. Under the terms of the Certificate and the Policy, Nalco was to be responsible for the first $1,000,000 in liability covered by the Policy. Nalco, accordingly, is liable under the Policy to defend and indemnify IP up to $1,000,000, or, alternatively, to cause the Insurer,

American Home Assurance Company, to defend and indemnify IP subject to the Insurer's right to recover up to $1,000,000 from Nalco.

40. The injury giving rise to Mr. Thomas's claim arose while Mr. Thomas was working within the scope of his employment for Nalco and within the scope of Nalco's operations under the Contract at IP's Androsoggin Mill.

41. The Policy provides coverage for injuries such as Mr. Thomas's.

42. Nalco breached its obligations under the Policy (1) by failing to defend and indemnify IP from and against Mr. Thomas's claim, or, alternatively, (2) by failing to tender Mr. Thomas's claim to the Insurer for defense and indemnity, subject to the $1,000,000 retention limit.

43. IP has suffered damages resulting from Nalco's breach of the Policy.

44. IP is entitled to recover from Nalco for Nalco's breach of the Policy.

WHEREFORE, Plaintiff International Paper Company respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant Nalco Company, and award damages to IP consisting of the settlement amount of $650,000, attorney's fees, and costs in the amount of $5,445.58 with regard to Mr. Thomas's claim, interest, costs, and such other relief as the Court deems just and proper.

## COUNT II
(Breach of Contract Against Defendant Nalco Company)

45. The allegations contained in all other paragraphs of this Complaint are hereby incorporated by reference.

46. Pursuant to the Contract, Nalco was obligated to cause IP to be named as an additional insured under a public liability insurance policy in an amount not less than $1,000,000 per occurrence.

47. In the event that the Court determines that IP is not covered under the Policy, then Nalco has breached the Contract by failing to provide insurance coverage to IP as required by the Contract.

48. IP has suffered damages resulting from Nalco's breach of the Contract.

49. IP is entitled to recover from Nalco for Nalco's breach of the Contract.

WHEREFORE, Plaintiff International Paper Company respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant Nalco Company, and award damages to IP consisting of the settlement amount of $650,000, attorney's fees, and costs in the amount of $5,445.58 with regard to Mr. Thomas's claim, interest, costs, and such other relief as the Court deems just and proper.

## COUNT III
(Breach of Contract Against Defendant American Home Assurance Company)

50. The allegations contained in all other paragraphs of this Complaint are hereby incorporated by reference.

51. IP is an additional insured under the Policy.

52. Pursuant to the Policy, the Insurer is obligated to provide IP with a defense and indemnity of Mr. Thomas's claim, as that claim arose out of an injury that occurred while Mr. Thomas was working within the scope of his employment for Nalco and within the scope of Nalco's operations under the Contract.

53. The Insurer breached the terms of the Policy and its obligations to IP under the Policy by failing and/or refusing to provide IP with a defense and indemnity of Mr. Thomas's claim.

54. IP has suffered damages resulting from the Insurer's breach of the Policy.

55. IP is entitled to recover from the Insurer.

WHEREFORE, Plaintiff International Paper Company respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant American Home Assurance Company, and award damages to IP consisting of the settlement amount of $650,000, attorney's fees, and costs in the amount of $5,445.58 with regard to Mr. Thomas's claim, interest, costs, and such other relief as the Court deems just and proper.

## COUNT IV
(Declaratory Judgment: 14 M.R.S.A. §§ 5951-5963)

56. The allegations contained in all other paragraphs of this Complaint are hereby incorporated by reference.

57. The events described above have given rise to an actual controversy concerning the rights and obligations of both the Insurer and Nalco to defend and indemnify IP under the Policy and under the Contract for Mr. Thomas's claim of personal injury, and this Court has jurisdiction over the issues.

WHEREFORE, Plaintiff International Paper Company respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants, award IP its costs and interest, and declare the rights and obligations of the parties as follows:

I. That Defendant Nalco Company is obligated under Policy and/or the Contract to indemnify IP for the settlement amount of $650,000, attorney's fees, and costs in the amount of $5,445.58 with regard to Mr. Thomas's claim;

II. That Defendant American Home Assurance Company is obligated under the Policy to indemnify IP for the settlement amount of $650,000, attorney's fees, and costs in the amount of $5,445.58 with regard to Mr. Thomas's claim; and

III. That, as justice may require, declare whatever remaining rights and duties that the parties may have vis-à-vis each other.

Dated: April 28, 2006

*/s/ James T. Kilbreth*
James T. Kilbreth, Bar No. 2891
Jacqueline W. Rider, Bar No. 7771
Attorneys for Plaintiff
International Paper Company

VERRILL DANA, LLP
One Portland Square
P.O. Box 586
Portland, ME 04112-0586
(207) 774-4000
jrider@verrilldana.com

P:\jrider\Int'l Paper\Complaint3.doc

9